PANTHER RUBBER MFG. CO. v. I. T. S. RUBBER CO.

(District Court N. D. Ohio, E. D.    July 8, 1916.)

No. 353.

PATENTS ⬡236—INFRINGEMENT—WHAT CONSTITUTES.

Complainant's patent for rubber heel attachment for boot and shoe heels, consisting of a heel section or body molded to a concavo-convex form, and provided with a raised marginal portion and openings therethrough, *held* not infringed by rubber heels manufactured by defendant which did not resemble in form those described in the patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 372, 373; Dec. Dig. ⬡236.]

In Equity. Suit by the Panther Rubber Manufacturing Company against the I. T. S. Rubber Company. Bill dismissed.

Hull, Smith, Brock & West, of Cleveland, Ohio, and Howson & Howson, of New York City, for plaintiff.

F. O. Richey, of Elyria, Ohio, for defendant.

CLARKE, District Judge. This cause comes on for a hearing upon the motion of the defendant to dismiss the petition upon the ground that claim No. 1 of the patent in suit is not infringed by the defendant's construction.

The record presented to the court upon this motion consists of the bill of complaint, the answer of the plaintiff to the interrogatories of the defendant, various exhibits and various affidavits which have been filed.

In answer to the defendant's interrogatories the plaintiff says that it relies upon claim No. 1 of the patent in suit which reads:

"A rubber heel attachment for boot and shoe heels consisting of a heel section or body molded to a concavo-convex form and provided with a raised marginal portion and openings therethrough substantially as specified."

Wholly irrespective of whether or not the particular form of the piece of rubber which the patent in suit contemplates shall be attached to the leather heel of a shoe can be the subject of that inventive genius which it is the purpose of the patent laws to protect, by giving to the discoverer as against the public a monopoly of its manufacture, there is no doubt in the mind of this court that the construction of the defendant does not infringe the first claim of the patent in suit upon which the plaintiff's petition and its answers to the interrogatories show that it relies. It does not look like it, it does not have a raised marginal portion, and it does not have openings "therethrough" for the purpose of nailing it to the leather.

The claim of the plaintiff that the centrally located shallow channels or scorings in the shape of a shield in the rubber heel manufactured by the defendant constitutes a "raised marginal portion" as described in claim No. 1, and in the drawings of the patent in suit, seems to this court entirely fanciful.

Whatever may be thought of the validity of the patent in suit, it is a sufficient disposition of the motion we are considering for the court to conclude, as it does, that the construction of the defendant's patent does not infringe claim No. 1 of the patent in suit, and the bill will be dismissed, at the costs of the plaintiff.

This conclusion, of course, involves the overruling of the motion of the plaintiff for preliminary injunction.